## No. 14,071.

PEOPLE EX REL. ATTORNEY GENERAL *v.* BENNETT.

(74 P. [2d] 671)

Decided October 4, 1937.

Mr. BYRON G. ROGERS, Attorney General, Mr. WALTER F. SCHERER, Assistant, for petitioner.

Mr. WALTER B. BENNETT, pro se.

*En Banc.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE information and petition filed in this court by the attorney general against Walter B. Bennett charges that he ''advertises and represents himself to the public as having the authority to practice law and as having the authority to perform the functions of an attorney at law

and act in a legal capacity," in that he "caused a large wooden hand painted sign to be made, * * * erected and maintained at the intersection of South Downing and East Evans Streets, in the City and County of Denver * * * in full view of the general public, and which, among other things, announces as follows: 'Walter B. Bennett Free Notary  Legal Papers' ''. A photostatic likeness of the sign is appended to the information as exhibit A and from this it appears that the full text of the inscription appearing on this "strange device" was, "Walter B. Bennett, Lots on easy terms  Free Notary Legal Papers, 2167 South Corona Sp. 2872."

Petitioner prays that respondent be required to show cause "why he should not be punished for contempt for engaging in the practice of law in the state of Colorado, and for advertising and holding himself out as having the authority to perform the functions and duties of an attorney at law and act in a legal capacity."

Upon order to show cause why he should not be so punished, respondent answering, admitted the painting, erection and maintenance of the sign as charged. He denied that he did or ever had advertised or represented himself to the public or at all as having authority to practice law or "as having authority to perform the functions of an attorney at law to act in a legal capacity." He denied that he ever engaged in the practice of law. He further alleged "that for a period of more than seven years the property at which this sign is located has not been used by this respondent, nor has the sign been repainted;" that "the lettering thereon is faded and shows its age." He admits that he is not an attorney at law. Further answering he says: "The respondent has in his possession legal forms for quit claim deeds, warranty deeds, deeds of trust, bills of sale and chattel mortgage. The sign and words 'legal papers' were placed on this board for the sole purpose of informing the community near by in which the respondent resides that he has these blank legal papers for sale.

This respondent sells these legal papers to whomsoever wants to purchase same for from five to ten cents per item, or the cost of same paid by this respondent for the blank. Should my neighbors call upon me for one of these blanks and desire the blank filled out and notar-ized, I sell the blank for a nominal price. I make no charge for filling out the paper, and ordinarily do not make the permitted statutory charge for a notarial acknowledgment, as I live in a neighborhood of poor working men.''

■ The answer is not denied by petitioner, he has introduced no evidence to contradict its allegations, and in this state of the record we must assume their truth.

■ ■ The attorney general has filed no brief, whether because he deems the offense charged so clearly admitted as to require none or because he found no support for it in the law we can only speculate.

From anything which appears in the charge or in the admissions, we are not advised that respondent ever assumed to advise anyone how a blank form should be filled out, or if he filled any out, whether he determined what should be inserted or did other than write as directed. He admits he sold blanks—which is no function of a licensed attorney—and alleges that he did not ordinarily charge for notarial services, which is no concern of the court. A notary may perform certain functions with respect to legal papers by virtue of his office. C. L. 1921, §6022, C. S. A. '35, c. 113, §2. We may not, in the absence of proof that he performed, or that in displaying a sign and in publishing an advertisement consistent with an offer to perform the legal functions of a notary and to do that which is legal, assume that he intended the public to understand that he was willing to violate the law.

The record does not support the charge that respondent is in contempt, either by engaging in the practice of law without having obtained a license so to do, or by advertising and holding himself out as having the

authority to perform the functions and duties of an attorney at law.

The rule to show cause is discharged.

MR. JUSTICE BOUCK and MR. JUSTICE BAKKE not participating.